## ROBINSON v. UNITED STATES.

(Court of Appeals of District of Columbia. Submitted February 8, 1927. Decided March 7, 1927.)

No. 4525.

Criminal law ⟶1169(5)—In robbery prosecution, admitting evidence that defendant and another were engaged in keeping house of prostitution held error, not cured by instruction.

In prosecution for robbery committed in house of prostitution, it was error for court to permit witness to testify that for six months she had been luring men to defendant's house and dividing money received with defendant, nor was such error cured by court's instruction that testimony was to be considered only as explaining the presence of the witness in defendant's house at the time involved.

Appeal from the Supreme Court of District of Columbia.

Sylvia Robinson and another were convicted of robbery, and the defendant named alone appeals. Reversed and remanded.

J. A. O'Shea and J. H. Burnett, both of Washington, D. C., for appellant.

Peyton Gordon and W. H. Collins, both of Washington, D. C., for the United States.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. The appellant, together with one Ruth Mills, was tried, convicted, and sentenced upon a charge of robbing one Leo Lagana of his pocketbook, containing $290, at a certain time and place in the District of Columbia. The appellant alone has appealed.

The testimony tended to prove that Lagana was lured by Ruth Mills to the house of appellant for the purpose of prostitution; that appellant was present in the house at the time, and let them in at the door; that Lagana and the woman Mills went into a bedroom and were upon the bed together, when he felt the woman take his pocketbook from his pocket; that he then jumped up, shouting, "I have been robbed," and found his empty pocketbook lying upon the bed; that at the time he entered the house with the woman his pocketbook contained $290 in bills, on one of which he had previously written the figures "300"; that a search was immediately made by Lagana and a policeman for the money, and it was found under a couch upon which appellant had seated herself as soon as the search began.

At the trial the government called one Ailene Davis as a witness. She testified that

she was present when Lagana and Ruth Mills came into the house; that she saw appellant take off her shoes and tiptoe from the kitchen back to the door of the room into which they had gone; that when appellant returned to the kitchen she had some paper money with her; that witness then left the house by appellant's orders. In the course of her examination in chief the witness was permitted to say, over the objection and exception of the defendant, that for a period of six months preceding this event she used to go to the defendant's house for the purpose of luring men there, and had at divers times brought men there, and that she always divided the money received by her with the appellant, Robinson.

The court in its general charge to the jury instructed them that "the testimony of the witness Ailene Davis concerning the relations and financial transactions with Sylvia Robinson was not to be considered by the jury, in so far as being evidence to establish the guilt of the defendant of the crime charged in the indictment, or any other crime, but was merely admitted for the single purpose of explaining the presence of the witness Davis in the house of the defendant Sylvia Robinson at the time of the commission of the alleged offense charged in the indictment."

We think it was error for the trial court to permit the witness Davis to tell the jury that the defendant, with the assistance of witness, had been engaged in keeping a house of prostitution during the six months preceding the time of the alleged robbery. That fact simply reflected upon the defendant's character, which had not been put in issue. It did not tend to prove the crime charged, nor to connect the defendant with it if committed; nor did it have any possible connection with the charge of robbery, which was then on trial. Billings v. U. S., 42 App. D. C. 413; Ambrose v. U. S., 45 App. D. C. 112; Ellis v. District of Columbia, 45 App. D. C. 384; Boyd v. U. S., 142 U. S. 450, 12 S. Ct. 292, 35 L. Ed. 1077; Bishop's New Cr. Proc. (2d Ed.) § 1120.

Nor do we think that this error was effectually remedied by the trial court's instruction to the jury to consider this testimony only "for the single purpose of explaining the presence of the witness Davis in the house of the defendant Sylvia Robinson at the time of the commission of the alleged offense charged in the indictment." Such an explanation was neither necessary nor relevant, and, moreover, the fact of her presence there was not denied. It may be noted that the court did not withdraw the irrelevant testimony from the jury,

but simply instructed them concerning its application in the case. It had, however, no lawful application to the issue raised by the charge of robbery.

Accordingly we reverse the judgment of the lower court, and remand the cause for further proceedings not inconsistent herewith.